**LEWIS BRISBOIS BISGAARD & SMITH LLP**
H. PAUL EFSTRATIS, SB# 242373
  E-Mail: Paul.Efstratis@lewisbrisbois.com
BRIAN C. VANDERHOOF, SB# 248511
  E-Mail: Brian.Vanderhoof@lewisbrisbois.com
JONATHAN WON, SB# 293910
  E-Mail: Jonathan.Won@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant FORD MOTOR
COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCL TECHNOLOGY, INC., | Case No. |
|       Plaintiff, | **DECLARATION OF JONATHAN WON IN SUPPORT OF NOTICE OF REMOVAL** |
|       vs. | |
| FORD MOTOR COMPANY; and DOES 1 through 20, inclusive, | Superior Court Action: 21CECG01096 |
|       Defendants. | Trial Date:       None Set |

### DECLARATION OF JONATHAN WON, ESQ.

I, Jonathan Won, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and the United States District Court for the Eastern District of California, and am an associate with Lewis Brisbois Bisgaard & Smith, LLP, attorneys for Defendant Ford Motor Company ("Ford"). I am a member in good standing with the State Bar of California. I have personal knowledge of the following facts, except for those based on information and belief, which I believe to be true, and if called upon to testify, I could and would competently testify to their truth and accuracy.

2. This declaration is submitted in support of Ford Motor Company's Notice of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Removal to the United States District Court for the Eastern District of California under 28 U.S.C.§ 1332, 1441 and 1446.

3.　　　In executing this declaration, I do not intend, and Ford has not authorized me, to waive any protections or privileges Ford may have as to proprietary, trade secret, and/or confidential information, or to waive Ford's attorney-client privilege as to any of its communications or to waive the work product immunity developed in anticipation of or in response to litigation. I intend only to describe certain factual matters that are pertinent to this declaration.

4.　　　True and accurate copies of all process, pleadings and orders for the State Action in Ford's possession are attached hereto as **Exhibit A**.

5.　　　I performed the calculations to determine the potential damages to be awarded to Plaintiffs if they prevailed on their Song-Beverly Act claims.

6.　　　Pursuant to the statutory method of calculation above, I calculated Plaintiff's potential damages on its Song-Beverly claims using figures presented in the Retail Installment Contract, which lists the total sales price as $86,521.60, a true and correct copy of which is attached hereto as **Exhibit B** and which was also attached as Exhibit A to Plaintiff's Complaint..

7.　　　Even before taking attorney's fees into account, the total sales price of $86,521.60 plus $173,043.20 as a 2X civil penalty pursuant to the Song-Beverly Act, totals $259,564.80.

8.　　　Attached as **Exhibit C** is a true and correct copy of an excerpt from Ford's 10-K filing for the fiscal year ending December 21, 2017, which was downloaded on March 8, 2017 from the 2017 Annual Report posted on Ford's website, http://shareholder.ford.com/reports-and-filings/annual-reports.

10.　　　The Original Complaint is this action was served on Ford Motor Company on April 21, 2021.

11.　　　Attached hereto as **Exhibit D** is the Standard Claims List available from Ford's Analytical Warranty System. It indicates that the subject vehicle was first presented for a warranty repair by Plaintiff at 8,890 miles and last time at 15,837 miles.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and if called as a witness I could and would so testify.

LEWIS
BRISBOIS
BISGAARD
& SMITHLLP
ATTORNEYS AT LAW

This Declaration is dated May 21, 2021, in Irvine, California.


_/s/ Jonathan Won_
Jonathan Won

# EXHIBIT A

APR 2 1 2021

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:** FORD MOTOR COMPANY; and DOES 1
*(AVISO AL DEMANDADO):* through 20, inclusive

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
4/19/2021
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** DCL TECHNOLOGY, INC.
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
FRESNO COUNTY SUPERIOR COURT
1130 O Street
Fresno, CA 93721-2220

**CASE NUMBER:**
*(Número del Caso):* 21CECG01096

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Adam J. McNeile   Bar No. 280296          (415) 632-1900     (415) 632-1901
KEMNITZER, BARRON & KRIEG, LLP
42 Miller Ave., 3rd Floor
Mill Valley, CA 94941

DATE: 4/19/2021                          Clerk, by E. Meyer                        , Deputy
*(Fecha)*                                *(Secretario)*                             *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **FORD MOTOR COMPANY**

   under:  ☒ CCP 416.10 (corporation)             ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☒ by personal delivery on *(date):* APR 2 1 2021

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>**Civil Unlimited Department,** Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>**(559) 457-1900** | *FOR COURT USE ONLY*<br><br>4/19/2021<br><br>**Filed by Court** |
|---|---|
| TITLE OF CASE:<br><br>**DCL Technology INC. vs. Ford Motor Company** | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>**21CECG01096** |

**To All Parties and their Attorneys of Record: Adam J. McNeile**

> This case has been assigned to **Kristi Culver Kapetan,** Judge for **all purposes.**
> All future hearings will be scheduled before this assigned judge.

You are required to appear at a Case Management Conference on **08/18/2021** at **3:30 PM** in **Department 402** of the court located at 1130 "O" Street, **Fresno, California.**

You must comply with the requirements set forth in Fresno Superior Court Local Rule Chapter 2.

Failure to appear at the conference may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the Summons is served on you. You could lose the case if you do not file your response on time. If you do not know an attorney, and do not have one, you may call an attorney referral service or a legal aid office (*listed in the phone book*).

---

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date: __4/19/2021_____     Clerk, by   **Elise Meyer**_____, Deputy

---

CV-48 R03-09

**NOTICE OF CASE MANAGEMENT CONFERENCE**

**AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES**

KEMNITZER, BARRON & KRIEG, LLP
ADAM J. McNEILE       Bar No. 280296
KRISTIN KEMNITZER     Bar No. 278946
42 Miller Ave., 3rd Floor
Mill Valley, CA  94941
Telephone:  (415) 632-1900
Facsimile:  (415) 632-1901
adam@kbklegal.com
kristin@kbklegal.com

Attorneys for Plaintiff DCL TECHNOLOGY, INC.

E-FILED
4/16/2021 3:57 PM
Superior Court of California
County of Fresno
By: E. Meyer, Deputy

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF FRESNO

| | |
|---|---|
| DCL TECHNOLOGY, INC., | **Case No.** 21CECG01096 |
| Plaintiff, | **COMPLAINT FOR BREACH OF WARRANTY, CIVIL CODE §1790,** *ET SEQ.* |
| vs. | |
| FORD MOTOR COMPANY; and DOES 1 through 20, inclusive, | Unlimited Civil Case |
| Defendants. | JURY TRIAL DEMANDED |
| _____/ | |

## **INTRODUCTION**

1.     Plaintiff DCL TECHNOLOGY, INC. ("Plaintiff") brings this action for statutory breach of warranty against Defendant FORD MOTOR COMPANY ("FORD") and DOES 1 through 20, regarding Plaintiff's purchase of a defective 2020 Ford F-350, VIN 1FT8W3BT7LEC29891 (the "vehicle"). On information and belief, Plaintiff alleges the following:

## **PARTIES**

2.     Plaintiff is a California corporation authorized to conduct and conducting business in the State of California, including the County of Fresno.

3.     FORD is, and at all times relevant herein was, a Delaware corporation authorized to conduct and conducting business in the State of California, including the County of Fresno.

1
Complaint

1 | FORD was and is the manufacturer and/or warrantor of the vehicle.

2 | **DOE DEFENDANTS**

3 |     4.    Plaintiff does not know the true names and capacities, whether corporate,

4 | partnership, associate, individual or otherwise, of Defendants sued herein as DOES 1 through 20,

5 | inclusive, pursuant to §474 of the California Code of Civil Procedure. Nonetheless, Plaintiff

6 | alleges that Defendants DOES 1 through 20, inclusive, are in some manner responsible for the

7 | acts, occurrences and transactions set forth herein and are legally liable to Plaintiff. Plaintiff will

8 | seek leave to amend this complaint to set forth the true names and capacities of said fictitiously-

9 | named Defendants, together with appropriate charging allegations, when ascertained.

10 | **AGENCY AND ALTER EGO**

11 |     5.    At all times mentioned herein each Defendant, whether actually or fictitiously

12 | named herein, was the principal, agent (actual or ostensible), or employee of each other

13 | Defendant and in acting as such principal or within the course and scope of such employment or

14 | agency, took some part in the acts and omissions hereinafter set forth, by reason of which each

15 | Defendant is liable to Plaintiff for the relief prayed for herein.

16 |     6.    FORD authorized dealerships were acting as agents of FORD for purposes of

17 | repairing vehicles under the FORD three-year, 36,000-mile "bumper-to-bumper" warranty as

18 | well as the five-year, 60,000-mile powertrain warranty covering the vehicle at issue in this

19 | matter. Plaintiff further alleges that FORD is the administrator and warrantor of the warranties

20 | that accompanied the vehicle.

21 | **AGENCY AND ALTER EGO**

22 |     7.    At all times mentioned herein each Defendant, whether actually or fictitiously

23 | named herein, was the principal, agent (actual or ostensible), or employee of each other

24 | Defendant and in acting as such principal or within the course and scope of such employment or

25 | agency, took some part in the acts and omissions hereinafter set forth, by reason of which each

26 | Defendant is liable to Plaintiff for the relief prayed for herein.

27 |     8.    FORD authorized dealerships were acting as agents of FORD for purposes of

28 | repairing vehicles under the FORD three-year, 36,000-mile "bumper-to-bumper" warranty, the

1  five-year, 60,000-mile power train warranty, and other warranties covering certain other

2  components of the vehicle at issue in this matter. Plaintiff further alleges that FORD is the

3  administrator and warrantor of the warranties that accompanied the vehicle.

4  **JURISDICTION AND VENUE**

5  9.  Venue is proper in Fresno County because FORD and Plaintiff conduct

6  substantial business in Fresno County and Plaintiff's principal place of business is in Fresno

7  County.

8  10.  This Court has jurisdiction over Plaintiff's claims because FORD is qualified to

9  do business in California and regularly conducts business in California. Furthermore, the acts

10  and omissions complained of occurred in California.

11  **ACTS OF DEFENDANTS**

12  11.  On June 12, 2020, Plaintiff purchased the vehicle from an authorized Ford

13  dealership. A true and correct copy of the purchase contract is attached hereto as **Exhibit A** and

14  incorporated herein by reference.

15  12.  Plaintiff's purchase of the vehicle was accompanied by express warranties offered

16  by FORD and extending to Plaintiff. These warranties were part of the basis of the bargain of

17  Plaintiff's contract for the purchase of the vehicle and were contained in the warranty booklet

18  and warranty agreement.

19  13.  The warranties provided by FORD covered any repairs or replacements needed

20  during the warranty period due to defects in factory materials or workmanship. Any required

21  adjustments would also be made during the coverage period. All warranty repairs and

22  adjustments, including parts and labor, were to be made at no charge. Additional warranties were

23  set forth in the warranty booklet and other documents not in Plaintiff's possession and are

24  incorporated herein by reference as though fully set forth.

25  14.  In fact, when delivered, the vehicle was defective in materials and workmanship.

26  Plaintiff began experiencing seriously dangerous defects with the vehicle shortly after

27  purchasing it that continue to this day. Specifically, on intermittent occasions that have become

28  significantly more frequent over time, when driving the vehicle down an incline while towing a

1    trailer, many of the most important safety systems on the vehicle ceased functioning, including

2    the hill descent control system, the collision detection system, the traction control system, the

3    antilock braking system, and the trailer brake functionality.

4           15.      Needless to say, it is terrifying when this happens. Because the trailer brakes

5    cease functioning, Plaintiff is forced to rely only on the truck brakes alone to stop both the truck

6    and the trailer – and the truck brakes are not built to stop the trailers and the truck. If a car were

·7    stopped in front of Plaintiff while the trailer brake system was out, one would have no way to

8    stop quickly. This would be likely to result in a serious accident.

9           16.      Plaintiff has returned the vehicle for attempted repairs to FORD-authorized

10    dealerships concerning the loss of braking functionality and/or the loss of the entire onboard

11    electrical safety system on three occasions. In all, the vehicle has been out of service for no

12    fewer than 41 days.

13           17.      The defects experienced by Plaintiff with the vehicle substantially impair its use,

14    value, and safety to Plaintiff. Despite Plaintiff's repeated efforts to allow FORD and its

15    authorized agents the opportunity to repair the vehicle, the nonconforming and defective

16    conditions were never repaired.

17           18.      After having lost confidence in the vehicle, Plaintiff contacted FORD and

18    requested that FORD buy back the defective vehicle. FORD denied Plaintiff's buy back request

19    in violation of its obligations under California law. The defects with the vehicle are so dangerous

20    that Plaintiff has limited use of the vehicle.

21
                           **FIRST CAUSE OF ACTION**
         **(Breach of Warranty in Violation of Civil Code §1790, *et seq.*)**

22                   **(Against FORD and Applicable DOES)**

23           19.      Plaintiff realleges and incorporates by reference as though fully set forth herein

24    each and every allegation contained in the paragraphs above.

25           20.      The vehicle is a "consumer good" as defined in Civil Code §1791(a) and a "New

26    Motor Vehicle" as defined in Civil Code §1793.22(e).

27           21.      FORD is a "manufacturer" as defined in California Civil Code §1791(j). FORD is

28    the warrantor and thus obligated to comply with Civil Code §1791, *et seq.,* pursuant to Civil

1 Code §1795.

2     22.     Plaintiff's purchase of the vehicle was accompanied by express factory warranties

3 offered by FORD to Plaintiff. The express warranties described and incorporated herein by

4 reference are each an "express warranty" as defined in California Civil Code §1791.2(a)(1).

5     23.     Due to the existence of the express warranties, Defendants cannot disclaim

6 implied warranties. The duration of the implied warranties of merchantability and fitness are

7 coextensive in duration with the express warranties which accompanied the purchase of the

8 vehicle pursuant to California Civil Code §1791.1(c). These warranties were part of the basis of

9 the bargain of Plaintiff's contract for the purchase of the vehicle.

10     24.     FORD's express warranties covered any repairs or replacements needed during

11 the warranty period due to defects in factory materials or workmanship. Any required

12 adjustments or repairs would also be made during the basic coverage period. All warranty repairs

13 and adjustments, including parts and labor, were to be made at no charge. Additional warranties

14 were set forth in the warranty booklet, and are incorporated herein by reference as though fully

15 set forth.

16     25.     In fact, when delivered to Plaintiff, the vehicle was defective in materials and

17 workmanship, such defects being described above and discovered within the warranty periods.

18     26.     Plaintiff returned the vehicle to authorized FORD servicing dealerships for repairs

19 on at least three occasions for serious problems with the vehicle, as outlined above. The vehicle

20 has been out of service for no fewer than 41 days.

21     27.     Plaintiff purchased the vehicle with the reasonable expectation that the vehicle

22 was fit to be used for the ordinary and intended purpose of providing Plaintiff with reliable and

23 safe transportation. Defendants knew, when it was manufactured and sold, that the intended and

24 ordinary purpose of the vehicle was to provide the buyer with safe and reliable transportation.

25     28.     At all times that Plaintiff had possession of the vehicle, Plaintiff used it for the

26 intended and ordinary purpose. However, the vehicle was not fit for the ordinary purposes for

27 which it was purchased. It was, in fact, defective, as set forth above, and not fit to provide

28 Plaintiff with safe and reliable transportation.

1       29.    The dangerous defects experienced by Plaintiff with the vehicle substantially
2 impair its use, value, or safety to Plaintiff. Despite Plaintiff's repeated efforts to allow FORD the
3 opportunity to repair the vehicle, many nonconforming and defective conditions were never
4 repaired. The vehicle continues to exhibit the problems described above.

5       30.    As a direct and proximate result of Defendants' violation of their obligations
6 under the Song-Beverly Consumer Warranty Act, Plaintiff has suffered actual, consequential,
7 'and incidental damages, including but not limited to money expended'on the purchase of the '
8 vehicle, finance charges, damages associated with the inconvenience suffered as a result of the
9 complete failure of the vehicle to operate properly, the loss of use of the vehicle during the time
10 it has been at the dealership for repairs, other incidental and consequential damages, and
11 attorneys' fees, which Plaintiff has incurred and will continue to incur in order to protect his
12 rights in this matter.

13     31.    As a direct and proximate result of FORD's willful violation of its obligations
14 under the Song-Beverly Consumer Warranty Act, Plaintiff is entitled to have FORD either
15 replace the goods or reimburse Plaintiff in an amount equal to the purchase price paid by the
16 consumer, including finance charges. Plaintiff has the choice to elect either option, pursuant to
17 California Civil code §1793.2(d)(2).

18     32.    As a direct and proximate result of FORD's willful violation of its obligations
19 under the Song-Beverly Consumer Warranty Act, Civil Code §1794(c) Plaintiff is entitled to a
20 civil penalty of two times his actual damages.

21     33.    Pursuant to Civil Code §1794(d), Plaintiff is entitled to recover a sum equal to the
22 aggregate amount of costs and expenses, including attorneys' fees. As a proximate result of
23 FORD's misconduct as alleged herein, and in an effort to protect his rights, Plaintiff has incurred
24 and will continue to incur legal fees, costs, and expenses in connection therewith.

25     WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

26                         **PRAYER FOR RELIEF**

27     WHEREFORE, Plaintiff prays for judgment as follows:

28 (1)    For actual damages in excess of the jurisdictional minimum of this court;

1  (2)  For restitution in the form of reimbursement pursuant to California Civil Code §1794(b)

2       and §1793.2(d);

3  (3)  For civil penalty pursuant to California Civil Code §1794(c) in an amount twice that of

4       the actual damages;

5  (4)  For prejudgment interest from the date of the purchase at the maximum legal rate;

6  (5)  For attorneys' fees, expenses and costs of suit incurred herein; and

7  (6)  For such other and further relief as the Court deems just and proper under the

8       circumstances.

9  Dated: April 16, 2021                    KEMNITZER, BARRON & KRIEG, LLP

10

11                           By:    _____

12                                  ADAM J. McNEILE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 16, 2021            KEMNITZER, BARRON & KRIEG, LLP

By: _____
ADAM J. McNEILE

**EXHIBIT A**

# SIMPLE INTEREST VEHICLE CONTRACT FOR SALE AND SECURITY AGREEMENT

**SECTION A:**

| | |
|---|---|
| Buyer's Name(s): DCL TECHNOLOGY, INC. | CREDITOR: CAPITAL FORD INC. |
| Name: | Address: 3660 SOUTH CARSON STREET |
| Address: | City: CARSON CITY County: |
| City: County: MADERA | State: NV Zip: 89701 |
| State: Zip: | Phone: (775 )982-5353 |
| Bus. Phone: Res. Phone: ( ) | |
| Stock No.:35684 | Salesman:FINN W ORWIG Date: 06/12/2020 |

**SECTION B:** DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH IN LENDING ACT.

Your Payment Schedule will be:                    (e) means an estimate

| ANNUAL PERCENTAGE RATE — The cost of your credit as a yearly rate. | Number of payments | Amount of payments | When payments are due: |
|---|---|---|---|
| **2.90 %** | N/A | N/A | N/A |
| | 47 | 1594.20 | MONTHLY BEGINNING 07/15/2020 |
| | 1 | 1594.20 | DUE ON: 06/15/2024 |

**FINANCE CHARGE** — The dollar amount the credit will cost you.
$ **4369.82**

**Amount Financed** — The amount of credit provided to you or on your behalf.
$ **72151.78**

**Total of Payments** — The amount you will have paid after you have made all payments as scheduled.
$ **76521.60**

**Total Sales Price** — The total cost of your purchase on credit, including your down payment of $ **10000.00**
$ **86521.60**

INSURANCE AND DEBT CANCELLATION: Credit life insurance, credit disability insurance and debt cancellation coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| | Premium: | Term: | Signature(s): |
|---|---|---|---|
| Credit life: | $N/A | | I want credit life insurance: X N/A Signature(s) |
| Joint credit life: | $N/A | | We want joint credit life insurance: X N/A Signature(s) |
| Credit disability: | $N/A | | I want credit disability insurance: X N/A Signature(s) |
| Credit life and disability: | $N/A | N/A | I want credit life and disability insurance: X N/A Signature(s) |
| Joint credit life and disability: | $N/A | N/A | We want joint credit life and single disability insurance: X N/A Signature(s) |
| Debt cancellation coverage (GAP coverage) | $N/A | N/A | I want debt cancellation coverage (GAP coverage): X N/A Signature(s) |

You may obtain property insurance from anyone you want that is acceptable to the Creditor on page 1 of 2. If you get the insurance from the Creditor, you will pay $ N/A and the term of the insurance will be $ N/A.

SECURITY: You are giving a security interest in the goods or property being purchased.
☐ If checked, you are giving a security interest in N/A

LATE CHARGE: If a payment is more than 10 days late, you will be charged $15 or 5 percent of the payment, whichever is less.
PREPAYMENT: If you pay off early, you will not have to pay a penalty.
See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

**SECTION C: ITEMIZATION OF AMOUNT FINANCED.**

1. Vehicle Selling Price   $ 74675.00
   Plus: Documentary Fee   $ 399.50
   (This charge represents costs and profit to the dealer for items such as inspecting, cleaning, adjusting vehicles, and preparing documents related to the sale.)
   Plus: Emissions Inspection Fee   $ N/A
   Plus: Other N/A   $ N/A
   Plus: Other N/A   $ N/A
   Plus: Other (AFTMKTS   $ 189.00
   Total Taxable Selling Price   $ 75263.50
2. Total Sales Tax   $ 5729.03
3. Amounts Paid to Public Officials
   a. Titling Fee   $ 1159.00
   b. Registration Fee   $ N/A
   c. Other   $ N/A
   Total Official Fees (Add 3a through 3c)   $ 1159.00
4. Optional, nontaxable, fees or charges
   a. N/A   $ N/A
   b. DRV-AWAY FEE-DMV NV   $ 9.25
   c. N/A   $ N/A
   d. N/A   $ N/A
   e. N/A   $ N/A
   f. N/A   $ N/A
   Total Optional, nontaxable, fees or charges
   (Add 4a through 4f)   $ 9.25
5. TOTAL CASH SALES PRICE   $ 82151.78
6. Gross Trade In Allowance   $ N/A

   | N/A | | | | |
   |---|---|---|---|---|
   | Year | Make | Model | VIN | |

   Less Prior Credit or Lease Balance   $ N/A
   Net Trade In Allowance
   (If negative, enter 0 and see line 11a)   $ 0.00
7. Down Payment (Other Than Net Trade-In Allowance):
   a. Trade-in Sales Tax Credit   $ N/A
   b. Cash   $ 10000.00
   c. Manufacturer's Rebate   $ N/A
   d. Deferred Down Payment   $ N/A
   e. Other (N/A )   $ N/A
   Down Payment (Add 7a through 7e)   $ 10000.00
8. TOTAL DOWN PAYMENT AND
   NET TRADE-IN ALLOWANCE (Add 6 and 7)   $ 10000.00
9. UNPAID BALANCE OF CASH SALES PRICE
   (Subtract 8 from 5)   $ 72151.78

**SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.**

This contract is made this 12th (day) of JUNE (month) of 2020 (year), between you, the Buyer(s) shown on page 1 of 2, and us, the Seller shown as Creditor on page 1 of 2. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown as the Total Sales Price in Section B on page 1 of 2), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used: NEW    Year and Make: 2020 FORD TRUCK

Series: S-DTY F   Body Style: 4WD CREW CAB   No. Cyl.: N/A

If truck, ton capacity: _____

Manufacturer's Serial Number: 1FT8W3BT7LEC29891

Use for which purchased: ☐ Personal   ☐ Business   ☐ Agriculture
INCLUDING:
☐ Sun/Moon Roof   ☐ Air-Conditioning   ☐ Automatic Transmission
☐ Power Steering   ☐ Power Door Locks   ☐ Power Seats
☐ Power Windows   ☐ Tilt Wheel   ☐ Vinyl Top
☐ Cassette   ☐ Cruise Control   ☐ AM/FM Stereo
☐ Compact Disc Player

OXFORD WH Color N/A   Tires N/A   Lic. No.

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B) according to the Payment Schedule (also shown in Section B), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed on page 1 of 2.

To secure payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral, insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, and assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.

Address where Collateral will be located:

Street     City

County     Sta

Your address after receipt of possession of Collateral:

Street     City

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   BRIAN C. VANDERHOOF, SB# 248511
2    E-Mail: Brian.Vanderhoof@lewisbrisbois.com
   JONATHAN WON, SB# 293910
3    E-Mail: Jonathan.Won@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile: 415.434.0882

6  Attorneys for Defendant FORD MOTOR
   COMPANY
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF FRESNO

10

11  DCL TECHNOLOGY, INC.,                    Case No. 21CECG01096

12             Plaintiff,

13      vs.                                  **DEFENDANT FORD MOTOR
                                             COMPANY'S ANSWER TO PLAINTIFF'S
14  FORD MOTOR COMPANY; and DOES 1           COMPLAINT**
    through 20, inclusive,
15
               Defendants.
16                                           Action Filed:  April 16, 2021
                                             Trial Date:    None Set
17

18       Defendant FORD MOTOR COMPANY (hereinafter "Ford" or "Defendant"), for itself alone

19  and no other defendant, hereby answers the Plaintiffs JOSEPH GEORGE and PETER GEORGE's

20  (hereinafter "Plaintiffs") Complaint ("Complaint") on file as follows:

21                            **General Denial**

22       Pursuant to the provisions of Section 431.30(d) of the Code of Civil Procedure, Defendant

23  denies, generally and specifically, all of the allegations contained in the Complaint and specifically

24  deny that they caused or contributed to any alleged damages, and further deny that Plaintiff haS

25  been or will be damaged in any sum or sums, either as alleged, otherwise, or at all.

26                          **AFFIRMATIVE DEFENSES**

27       Defendant alleges, on information and belief, and where information is not available but

28  the failure to allege would result in waiver of the defense, the following affirmative defenses:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts)

Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (No Breach of Warranty)

There was no breach of warranty to the extent that Plaintiff's concerns were resolved under the warranty or occurred after the expiration of the original express warranty.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped from obtaining the relief sought, or pursing any of the claims raised or causes of actions contained in the Complaint, by virtue of Plaintiff's acts, failures to act, conduct, representations, admission, and the like.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff has waived all rights to the claims, causes of action and relief sought in this Complaint against Defendant, by virtue of Plaintiff's acts, failures to act, conduct, representations, admissions, and the like.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has unreasonably delayed the commencement of this action to the prejudice of Defendant. Therefore, the Complaint, and each and every cause of action alleged therein is barred, in whole or in part, by the doctrine of laches.

## SIXTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

Plaintiff's causes of action have not accrued because no injury was sustained on the part of Plaintiff directly from the subject vehicle or products and, therefore, Plaintiff's contention that the subject vehicle or products failed to adequately perform their functions is barred by the economic


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  loss rule.

2  ### SEVENTH AFFIRMATIVE DEFENSE

3  (Performance)

4      Prior to the commencement of this action, Defendant fully performed, satisfied and

5  discharged all duties and obligations it may have owed to Plaintiff arising out of any and all

6  agreements, representations or contracts made by it or on its behalf and this action is therefore

7  barred by the provisions of Civil Code section 1473.

8  ### EIGHTH AFFIRMATIVE DEFENSE

9  (Lack of Maintenance and Other Exclusions)

10      Defendant is informed and believes, and on that basis alleges that Plaintiff and/or others

11  may have improperly cared for and maintained the subject vehicle, and that some of Plaintiff's

12  concerns may have been proximately caused by such lack of maintenance of the subject vehicle or

13  products. Defendant reserves the right to identify additional exclusions which may be applicable.

14  ### NINTH AFFIRMATIVE DEFENSE

15  (Abuse, Misuse, Alteration and Improper Care)

16      Plaintiff and/or others misused, abused, altered and improperly cared for and maintained

17  the subject vehicle contrary to Defendant's approval or consent and Plaintiff's damages, if any,

18  were proximately caused by such misuse, alteration, abuse and neglect of the product.

19  ### TENTH AFFIRMATIVE DEFENSE

20  (No Defect in Materials or Workmanship)

21      The damages asserted in the Complaint were not the result of any defect in material or

22  workmanship in any vehicle manufactured by Ford. Specifically, Ford alleges that after

23  appropriate discovery, one or more of the stated specific warranty exclusions may be applicable.

24  ### ELEVENTH AFFIRMATIVE DEFENSE

25  (No Timely Revocation of Acceptance)

26      Plaintiff has no restitution remedy under breach of implied warranty because there was no

27  timely revocation of acceptance before a substantial change in the condition of the goods.

28  ### TWELFTH AFFIRMATIVE DEFENSE


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1        (Failure to Maintain Vehicle)

2        Defendant alleges that Plaintiff is precluded from recovery due to failure to maintain and

3    service the subject vehicle in conformance with the requirements and recommendations of the

4    owner's manual and/or warranty booklet.

5        **THIRTEENTH AFFIRMATIVE DEFENSE**

6        (No Reasonable Number of Attempts to Repair Afforded)

7        The Complaint, and each and every cause of action therein, does not state facts sufficient

8    to meet the statutory presumption of a reasonable number of repair attempts under the terms of the

9    Civil Code section 1793.22(b).

10       **FOURTEENTH AFFIRMATIVE DEFENSE**

11       (Disclaimer of Incidental and Consequential Damages and Limitation of Damages)

12       The limited warranty for the subject vehicle at issue limits the damages that may be

13   obtained by Plaintiff for any alleged breach of warranty such that some, if not all, of the damages

14   sought, including those for incidental or consequential damages, are not recoverable.

15       **FIFTEENTH AFFIRMATIVE DEFENSE**

16       (Preemption)

17       The Complaint and, each and every cause of actin therein, in whole, or in part, are

18   preempted by the Federal National Traffic and Motor Vehicle Safety Act pursuant to 49 U.S.C.

19   sections 30118 et seq.

20       **SIXTEENTH AFFIRMATIVE DEFENSE**

21       (Accord and Satisfaction)

22       Plaintiff is barred from recovery, in whole or in part, on the ground that it is subject to the

23   defense of accord and satisfaction.

24       **SEVENTEENTH AFFIRMATIVE DEFENSE**

25       (Good Faith Evaluation)

26       At all times, Defendant's evaluation of Plaintiff's repurchase request has been in good

27   faith; consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

28       **EIGHTEENTH AFFIRMATIVE DEFENSE**


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-9763-9402.1                                      4
DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

(Vehicle Fit for Intended Purpose)

The subject vehicle was fit for providing transportation at all relevant times hereto. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. *American Suzuki Motor Corp. v. Superior Court*, 37 Cal. App. 4th 1291 (1995).

### NINETEENTH AFFIRMATIVE DEFENSE

(Duration of Implied Warranty)

Defendant is informed and believes, and on that basis alleges, that some or all of the alleged defects did not arise until after the implied warranty expired. Accordingly, Plaintiff is not entitled to relief for breach of the implied warranty of merchantability. Civil Code §1795.5.

### TWENTIETH AFFIRMATIVE DEFENSE

(No Impairment of Use, Value or Safety)

The subject vehicle has not been subject to repair for any nonconformity or condition that substantially impaired the use, value or safety of the vehicle.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

(Unreasonable or Unauthorized Use of Vehicle)

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims may be barred by Plaintiff's unreasonable or unauthorized use of the vehicle. Civil Code §1794.3. ///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

(Complete Performance)

Defendant has appropriately, completely and fully performed and discharged any and all obligations and legal duties arising out of the matters alleged in the Complaint.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

(Compliance with Laws)

Defendant has complied with all laws and regulations with regard to the subject matter of Plaintiff's Complaint, and is therefore not liable to Plaintiff for any damages it may have sustained, if any.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(Failure to Use Dispute Resolution Process)

Defendant makes available a qualified third-party dispute resolution process, and therefore, it is entitled to relief under certain provisions of the Song-Beverly Consumer Warranty Act.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

(Failure to Provide Reasonable Opportunity to Cure)

Plaintiff failed to provide Defendant with a reasonable opportunity to cure any alleged defect as required by 15 U.S.C. §2310(e) and Civil Code §1790, *et seq.*

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

(No Prejudgment Interest)

The Complaint fails to state facts sufficient to constitute a basis for recovery of prejudgment interest.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

(Business Use)

The subject vehicle was not purchased or used primarily for personal, family, or household purposes and that the business use was by a person, including a partnership, limited liability company, corporation, association, or any other legal entity, to which more than five motor vehicles were registered in this state.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate)

Plaintiff failed and neglected to use reasonable care to protect against and to minimize losses and damages, if any.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

(No Agency Relationship)

Ford denies any allegations of agency contained in Plaintiff's Complaint.

**THIRTIETH AFFIRMATIVE DEFENSE**

(Assumption of Risk)

Plaintiff knew about matters giving rise to the Complaint and assumed the risk created thereby.



**THIRTY-FIRST AFFIRMATIVE DEFENSE**

(Good Faith Conduct)

At all times relevant and material to this action, Defendant acted reasonably and in good faith.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

(Independent Causes)

The alleged injuries, damages or loss, if any, for which Plaintiff seeks recovery, were the result of causes independent of any purported acts or omissions on the part of Defendant, or any of its agents, representatives or employees, thereby eliminating or reducing the alleged liability of Defendant.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Failure to Inspect)

Defendant alleges that Plaintiff's damages, if any, may have been caused by the failure of third parties, unrelated to Defendant, to properly inspect the subject vehicle or products, thereby eliminating or reducing the alleged liability of Defendant.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Doctrine of Consent)

Plaintiff is barred from recovering the relief sought by reason of the doctrine of consent.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

The Complaint and each cause of action contained therein fails to state facts sufficient to constitute a cause of action in that the Complaint and each cause of action is barred by the applicable statute of limitations, including, but not limited to, those stated in Part II, Title 2, Chapter 3 of the California Code of Civil Procedure, §§335 through 346.4, California Civil Code, §§1783, 1791.1, 1793.2, and 1793.22, California Commercial Code, §2725, and Business and Professions Code, §17208.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(Warranty Exclusions)

Plaintiff's action for breach of warranty is barred by the terms, conditions, disclaimers and exclusions of the warranty, if any. Moreover, Plaintiff has failed to comply with all obligations under the warranty, if any, to include, but not limited to, timely notice, proper maintenance and appropriate use.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Civil Penalty Barred)

Any prayer made by Plaintiff for a civil penalty pursuant to Civil Code §1794(e) is barred because Ford maintains a qualified third-party dispute resolution process, which substantially complies with subdivision (d) of §1793.22 of the Civil Code. Further, Plaintiff failed to serve the notice required for recovery of a civil penalty under this provision.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(Set Off)

Defendant alleges that if it is established that Defendant is in any manner legally responsible for any of the damages claimed by Plaintiff, which are denied, Defendant is entitled to a set off of those damages, if any, that resulted from the wrongful acts of Plaintiff and/or others.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

(Spoliation of Evidence)

This action is barred or limited because of the altering, spoiling, damaging, destruction, or losing of evidence by Plaintiff, which thereby has reduced the likelihood that this action will result in a reliable adjudication of facts, and impairs Defendant's right to a fair opportunity to adjudicate its alleged liability.

## FORTIETH AFFIRMATIVE DEFENSE

(Arbitration Agreement)

Defendant is informed and believes, and on that basis alleges, that this dispute is subject to an arbitration agreement with Plaintiff such that this matter is properly brought before a qualified arbitrator rather than in the instant court.

## FORTY-FIRST AFFIRMATIVE DEFENSE

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

(Failure to Properly Notify)

Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed to properly provide timely notice, within a reasonable period of time after discovery of its claims and alleged defects. As a result, Defendant has been damaged and prejudiced, barring the Complaint, and each cause of action therein, as a matter of law.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Breach)

Defendant performed all duties owed under the warranty other than any duties that were prevented or excused. Accordingly, there has been no breach of warranty.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Frauds)

To the extent Plaintiff is suing for breach of an oral representation or contract, such an oral representation or contract would be unenforceable pursuant to Civil Code section 1624(a)(1-7).

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Qualified Third Party Dispute Resolution Process)

Ford maintained a qualified third party dispute resolution process at the time the subject vehicle was purchased that substantially complied with Section 1793.2 of the California Civil Code. Ford is informed and believes and thereon alleges Plaintiff received timely and appropriate notification, in writing, of the availability of the third-party resolution process. Accordingly, since Plaintiff did not participate in the third party dispute resolution process prior to filing this litigation, Section 1794(e)(2) of the California Civil Code may bar Plaintiff from recovering damages for (i) attorney fees, (ii) costs, and (iii) treble damages (as provided under California Civil Code Section 1794(e)), and the rebuttable presumption pursuant to California Civil Code Section 1793.2(e)(1) is unavailable to Plaintiff.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

If Plaintiff sustained any damages as alleged in the Complaint, that damage was proximately caused and contributed to by Plaintiff in failing to conduct itself in a manner

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 ordinarily expected of a reasonably prudent person in the conduct of their affairs and business.
2 The contributory negligence and fault of Plaintiff diminishes any recovery herein.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

(Contributory Negligence Of Third Parties)

5       If Plaintiff sustained any damages as alleged in the Complaint, that damage was
6 proximately caused and contributed to by persons and/or parties other than this answering
7 Defendant in failure to conduct themselves in a manner ordinarily expected of reasonably prudent
8 persons in the conduct of their affairs and business. Contributory negligence and fault of persons
9 and/or parties other than this answering Defendant diminishes any recovery from this answering
10 Defendant.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

13       Defendant is informed and believes and based thereon alleges that the claims and relief
14 sought by Plaintiff are barred by reason of the doctrine of unclean hands.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

(Failure to Provide Reasonable Opportunity to Repair)

17       Plaintiff is precluded from any recovery pursuant to the Song-Beverly Consumer Warranty
18 Act as Plaintiff failed and refused to provide a reasonable opportunity to repair.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

(Lack of Standing)

21       Plaintiff lacks standing and is therefore barred from any recovery.

**FIFTIETH AFFIRMATIVE DEFENSE**

(Real Party of Interest)

24       Defendant is informed and believes, and based thereon alleges, that Plaintiff lacks standing
25 and is not the real party in interest.

**FIFTY-FIRST AFFIRMATIVE DEFENSE**

(No Civil Penalty)

28       Ford's evaluation of any of Plaintiff's repurchase requests have been in good faith.



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4850-9763-9402.1
10
DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

Consequently, Plaintiff has no claim for civil penalty for any alleged willful violation.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant alleges that it may have additional affirmative defenses available to it of which it is not now fully aware. Defendant reserves the right to assert affirmative defenses after the same shall have been ascertained.

## PRAYER

WHEREFORE, Defendant prays for the following relief:

1. That Plaintiff takes nothing by reason of its Complaint, and that this action be dismissed in its entirety with prejudice;

2. That judgment be entered in favor of Defendant, on all causes of action;

3. That Defendant recovers its costs of suit incurred herein as well as attorneys' fees to the extent permitted by law; and

4. That Defendant be awarded such other and further relief as the Court may deem just and proper.

DATED: May 21, 2021                          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
                                             Brian C. Vanderhoof
                                             Jonathan Won
                                             Attorneys for Defendant FORD MOTOR
                                             COMPANY

DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**CALIFORNIA STATE COURT PROOF OF SERVICE**
DCL TECHNOLOGY, INC. v. FORD MOTOR COMPANY, et al.
Case No. 21CECG01096 - File No. 1000-626

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to this action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

On May 21, 2021, I served true copies of the following document(s):

**DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| Adam J. McNeile, Esq. | T: (415) 632-1900 |
|---|---|
| Kristin Kemnitzer, Esq. | F: (415) 632-1901 |
| **KEMNITZER, BARRON & KREIG LLP** | adam@kbklegal.com |
| 42 Miller Avenue, 3rd Floor | kristin@kbklegal.com |
| Mill Valley, CA 94941 | *Attorney for Plaintiff DCL TECHNOLOGY, INC.* |

The documents were served by the following means:

☒ (BY ELECTRONIC TRANSMISSION ONLY) Only by e-mailing the document(s) to the persons at the e-mail address(es) listed above based on notice provided on March 16, 2020 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 21, 2021, at San Francisco, California.

Charmaine Villavert



DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

# EXHIBIT B

# SIMPLE INTEREST VEHICLE CONTRACT FOR SALE AND SECURITY AGREEMENT

**SECTION A:**

Buyer's Name(s): DCL TECHNOLOGY, INC.

Name:

Address:

City:                                County: MADERA

State:            Zip:

Bus. Phone:          Res. Phone: (     )     -

Stock No.: 35684          Salesman: FINN W DRWIG          Date: 06/12/2020

CREDITOR: CAPITAL FORD INC.

Address: 3660 SOUTH CARSON STREET

City: CARSON CITY          County:

State: NV          Zip: 89701

Phone: (775  )82-5353

**SECTION B:          DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH IN LENDING ACT.**

Your Payment Schedule will be:                                                (e) means an estimate

| Number of payments: | Amount of payments: | When payments are due: |
|---|---|---|
| N/A | N/A | N/A |
| 47 | 1594.20 | MONTHLY BEGINNING 07/15/2020 |
| 1 | 1594.20 | DUE ON: 06/15/2024 |

| | | |
|---|---|---|
| **ANNUAL PERCENTAGE RATE** The cost of your credit as a yearly rate. | **2.90** % | |
| **FINANCE CHARGE** The dollar amount the credit will cost you. | $ 4369.82 | |
| **Amount Financed** The amount of credit provided to you or on your behalf. | $ 72151.78 | |
| **Total of Payments** The amount you will have paid after you have made all payments as scheduled. | $ 76521.60 | |
| **Total Sales Price** The total cost of your purchase on credit, including your down payment of $ 10000.00 | $ 86521.60 | |

INSURANCE AND DEBT CANCELLATION: Credit life insurance, credit disability insurance and debt cancellation coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| | Premium: | Term: | Signature(s): |
|---|---|---|---|
| Credit life: | $ N/A | N/A | I want credit life insurance: X N/A |
| Joint credit life: | $ N/A | N/A | We want joint credit life insurance: X N/A |
| Credit disability: | $ N/A | N/A | I want credit disability insurance: X N/A |
| Credit life and disability: | $ N/A | N/A | I want credit life and disability insurance: X N/A |
| Joint credit life and disability: | $ N/A | N/A | We want joint credit life and single disability insurance: X N/A |
| Debt cancellation coverage (GAP coverage) | $ N/A | N/A | I want debt cancellation coverage (GAP coverage): X N/A |

You may obtain property insurance from anyone you want that is acceptable to the Creditor on page 1 of 2. If you get the insurance from the Creditor, you will pay $ N/A and the term of the insurance will be N/A .

SECURITY: You are giving a security interest in the goods or property being purchased.

☐ If checked, you are giving a security interest in _____.

LATE CHARGE: If a payment is more than 10 days late, you will be charged 5% of the payment, whichever is less.

PREPAYMENT: If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

**SECTION C: ITEMIZATION OF AMOUNT FINANCED.**

1. Vehicle Selling Price          $ 74675.00

Plus: Documentary Fee          $ 399.50

(This charge represents costs and dealer for items such as inspecting, cleaning, adjusting vehicles, and preparing documents related to the sale.)

Plus: Emissions Inspection Fee          $ N/A

Plus: Other a) _____ ) $ N/A

Plus: Other b) _____ ) $ N/A

Plus: Other (A FTMX TS          ) $ 189.00

Total Taxable Selling Price          $ 75263.50

2. Total Sales Tax          $ 5720.03

3. Amounts Paid to Public Officials

a. Titling Fee          $ 1159.00

b. Registration Fee          $ N/A

c. Other          $ N/A

Total Official Fees (Add 3a through 3c)          $ 1159.00

4. Optional, nontaxable, fees or charges

a. N/A          $ N/A

b. DRV-AWAY FEE-DMV NV          $ 9.25

c. N/A          $ N/A

d. N/A          $ N/A

e. N/A          $ N/A

f. N/A          $ N/A

Total Optional, nontaxable, fees or charges

(Add 4a through 4f)          $ 9.25

5. TOTAL CASH SALES PRICE          $ 82151.78

6. Gross Trade In Allowance          $ N/A

N/A

Year   Make   Model          VIN

Less Prior Credit or Lease Balance          $ N/A

Net Trade In Allowance

(If negative, enter 0 and see line 11a)          $ 0.00

7. Down Payment (Other Than Net Trade-In Allowance):

a. Trade-in Sales Tax Credit          $ N/A

b. Cash          $ 10000.00

c. Manufacturer's Rebate          $ N/A

d. Deferred Down Payment          $ N/A

e. Other (N/A          )          $ N/A

Down Payment (Add 7a through 7e)          $ 10000.00

8. TOTAL DOWN PAYMENT AND

NET TRADE-IN ALLOWANCE (Add 6 and 7)          $ 10000.00

9. UNPAID BALANCE OF CASH SALES PRICE

(Subtract 8 from 5)          $ 72151.78

**SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT.**

This contract is made this 12th (day) of JUNE _____ (month) of 2020 (year), between you, the Buyer(s) shown on page 1 of 2, and us, the Seller shown as Creditor on page 1 of 2. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown as the Total Sales Price in Section B on page 1 of 2), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used: NEW _____ Year and Make: 2020 FORD TRUCK

Series: S-DTY F   Body Style: 4WD CREW CAB   No. Cyl.: N/A

If truck, ton capacity: _____

Manufacturer's Serial Number: 1FT8W3BT7LEC29891

Use for which purchased: ☐ Personal   ☐ Business   ☐ Agriculture

INCLUDING:

☐ Sun/Moon Roof      ☐ Air-Conditioning      ☐ Automatic Transmission

☐ Power Steering      ☐ Power Door Locks      ☐ Power Seats

☐ Power Windows      ☐ Tilt Wheel      ☐ Vinyl Top

☐ Cassette      ☐ Cruise Control      ☐ AM/FM Stereo

☐ Compact Disc Player

OXFORD WH Color N/A   Tires N/A          Lic. No.

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B) according to the Payment Schedule (also shown in Section B), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed on page 1 of 2.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.

Address where Collateral will be located:

Street _____ City _____

County _____ Sta _____

Your address after receipt of possession of Collateral:

Street _____ City _____

# EXHIBIT C

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, DC 20549**

**FORM 10-K**

(Mark One)

☑   Annual report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

**For the fiscal year ended December 31, 2017**

**or**

☐   Transition report pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934

For the transition period from _____ to _____

**Commission file number 1-3950**

# Ford Motor Company
*(Exact name of Registrant as specified in its charter)*

| | |
|---|---|
| **Delaware** | **38-0549190** |
| *(State of incorporation)* | *(I.R.S. Employer Identification No.)* |
| **One American Road, Dearborn, Michigan** | **48126** |
| *(Address of principal executive offices)* | *(Zip Code)* |

**313-322-3000**
*(Registrant's telephone number, including area code)*

**Securities registered pursuant to Section 12(b) of the Act:**

| **Title of each class** | **Name of each exchange on which registered** |
|---|---|
| Common Stock, par value $.01 per share | New York Stock Exchange |

**Securities registered pursuant to Section 12(g) of the Act:**  None.

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☑ No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐ No ☑

Indicate by check mark if the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.  Yes ☑   No ☐

Indicate by check mark whether the registrant has submitted electronically and posted on its corporate Web site, if any, every Interactive Data File required to be submitted and posted pursuant to Rule 405 of Regulation S-T (§ 232.405 of this chapter) during the preceding 12 months (or for such shorter period that the registrant was required to submit and post such files).  Yes ☑  No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§ 229.405 of this chapter) is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or emerging growth company.  See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.
Large accelerated filer ☑    Accelerated filer ☐    Non-accelerated filer ☐    Smaller reporting company ☐
Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act).
Yes ☐    No ☑

As of June 30, 2017, Ford had outstanding 3,900,795,510 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($11.19 per share), the aggregate market value of such Common Stock was $43,649,901,757.  Although there is no quoted market for our Class B Stock, shares of Class B Stock may be converted at any time into an equal number of shares of Common Stock for the purpose of effecting the sale or other disposition of such shares of Common Stock.  The shares of Common Stock and Class B Stock outstanding at June 30, 2017 included shares owned by persons who may be deemed to be "affiliates" of Ford.  We do not believe, however, that any such person should be considered to be an affiliate.  For information concerning ownership of outstanding Common Stock and Class B Stock, see the Proxy Statement for Ford's Annual Meeting of Stockholders currently scheduled to be held on May 10, 2018 (our "Proxy Statement"), which is incorporated by reference under various Items of this Report as indicated below.

As of January 31, 2018, Ford had outstanding 3,902,499,580 shares of Common Stock and 70,852,076 shares of Class B Stock.  Based on the New York Stock Exchange Composite Transaction closing price of the Common Stock on that date ($10.97 per share), the aggregate market value of such Common Stock was $42,810,420,393.

## DOCUMENTS INCORPORATED BY REFERENCE

| Document | Where Incorporated |
|---|---|
| Proxy Statement* | Part III (Items 10, 11, 12, 13, and 14) |

---

\*    As stated under various Items of this Report, only certain specified portions of such document are incorporated by reference in this Report.

Exhibit Index begins on page 99

# EXHIBIT D

Server: **AWS Prod**
Claims loaded through: **22-APR-2021**

# STANDARD CLAIMS LIST

## AWS Online Report

*Run Date: April 23, 2021*
*Note: All Costs are in US Dollars*

| VIN | AWS VL | WERS VL | MKT DER | BODY CAB | VER SERIES | DRIVE TYPE | PLANT CD | TRANS CD | ENG COD | PROD DATE | WARR DATE | SELLING DEALER | SELL CNT | TIS | WCC | PREF | BASE | SUFF | VERT | FUNCTION | VFG | CCC | CD |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 4 | 7G88 | * | NPF | * | | F3 | V83 | G32 | 82 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **AWS Claim Key:** | 1565595 | **Doc #:** 821528A | **FCC Auth:** 1 | **Trx Code:** 1 | **Labor Hrs:** 1 | **Labor Cost:** 135.69 | **Material Cost:** 0 | **Total Cost:** 135.69 |
| **Dlr Cd-Sub Cd:** | 02811 - * | **Name:** LITHIA FORD OF FRESNO | **Ph:** 559-4358400 | **St:** CA | **Ctry Cd:** USA | **Reg Cd:** NA | **Repr Date:** 11-SEP-2020 | **RL Cmplt Date:** 24-SEP-2020 | **DIST(Mile):** 8890 |

**Cust Comments:** CUSTOMER STATES WHEN DRIVING IT WILL START TOFLASH MESSAGES: HILL DECENT CONTROL INOP, PRECOLSION NOT AVAILABLE, BLIND SPOT/CROSS TRAFFICNO AVAILABLE, SERVICE ADVANCE TRACK ALL CYLETHROUGH. CUSTOMER WILL HAVE TO TURN VEHICLE OFFOVERNIGHT TO GET MESSAGE OFF OR DISCONNECT THEBATTERY. HAS ALWAYS HAPPENED TOWING. CHECK ANDADVISE.

**Tech Comments:** FOUND COMMUNICATION CODE P0020:49 IN THE ABS MODULE. CHECKED ALL CONNECTORS AND PINS AND FUSE ALL OK, ADVISED TECH LINE. CHECKED POWER AND GROUNDS FOR ABS SYSTEM ALL OK, CHECKED VOLTAGE AS PER TECH LINE ALSO CHECKED C135 AND FOUND NO WATER INTRUSION AND PROPER PIN FIT. NEED TO DUPLICATE CONCERN TO COMPLETE DIAGN OSIS.

| VIN | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 6 | * | * | * | * | | F9 | | * | * |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **AWS Claim Key:** | 2441867 | **Doc #:** 828010C | **FCC Auth:** O | **Trx Code:** 20B39 | **Labor Hrs:** .4 | **Labor Cost:** 54.28 | **Material Cost:** 347.91 | **Total Cost:** 402.19 |
| **Dlr Cd-Sub Cd:** | 02811 - * | **Name:** LITHIA FORD OF FRESNO | **Ph:** 559-4358400 | **St:** CA | **Ctry Cd:** USA | **Reg Cd:** NA | **Repr Date:** 01-DEC-2020 | **RL Cmplt Date:** 12-DEC-2020 | **DIST(Mile):** 12781 |

**Cust Comments:** 20B39 RECALL FRT VIEW CENTER HIGH MT STOP LAMP CAMERA IMPROPER FUNCTION

**Tech Comments:** PERFORMED RECALL 20B39. INSTALLED NEW CENTER HIGH MOUNTED CAMERA.

| VIN | | | | | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 6 | 7T03 | LC3Z | 2C219 | A | | F2 | V21 | H19 | 42 |

AWS Claim List Report

| AWS Claim Key: | 2503538 | Doc #: 828010A | FCC Auth: 1 | Trx Code: S07 | | Labor Hrs: 4,1 | Labor Cost: 556,33 | Material Cost: 454,18 | Total Cost: 1352,93 |
|---|---|---|---|---|---|---|---|---|---|
| Dlr Cd-Sub Cd: | 02811 - * | Name: LITHIA FORD OF FRESNO | Ph: 559-4358400 | St: CA | Cty Cd: USA | Reg Cd: NA | Repr Date: 01-DEC-2020 | RL Cmplt Date: 12-DEC-2020 | DIST(Mile): 12781 |

**Cust Comments:** CUSTOMER STATES THAT AFTER A PROLONG PERIOD OF DRIVING, ABS LIGHT WILL COME, THAT ACTIVATES ALL OTHER RELATED ABS LIGHTS. CHK AND A DVISE

**Tech Comments:** VERIFIED CUSTOMERS CONCERN, PERFORMED PIN POINT TEST Y, SEE ATTACHED SHEET, AFTER CLEARING CODES DROVE VEHICLE TO CALIFORNIA/ OREGON BORDER AND BACK (FUEL RECEIPTS ARE ATTACHED TO RO) AND CODE U3000.49 RETURNED. PROCEEDED WITH PIN POINT TEST Y TO CORRECT CONCERN, PPT Y5 REPLACE MODULE. REMOVED LEFT FRONT INNER FENDER WELL THEN PERFORMED PMI ON ABS MODULE. INSTALLED NEW MODULE THEN RE SET ALL NECESSARY CONFIGURATIONS. TEST DROVE WHEN DONE, NO MORE PROBLEM AT THIS TIME. ***REVIEWED WITH SERVICE MANGER, VEHILCE HAD TO BE DRIVIN ON EXTENDED ROAD TEST OF 964 MILES. WE HAVE BILLED FOR FUEL.

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 6 | 6Y20 | * | RENTAL | * | F9 | V99 | A99 | 82 |

| AWS Claim Key: | 2684618 | Doc #: 828010D | FCC Auth: B | Trx Code: P99 | | Labor Hrs: 0 | Labor Cost: 0 | Material Cost: 0 | Total Cost: 120 |
|---|---|---|---|---|---|---|---|---|---|
| Dlr Cd-Sub Cd: | 02811 - * | Name: LITHIA FORD OF FRESNO | Ph: 559-4358400 | St: CA | Cty Cd: USA | Reg Cd: NA | Repr Date: 01-DEC-2020 | RL Cmplt Date: 12-DEC-2020 | DIST(Mile): 12781 |

**Cust Comments:** CUSTOMER REQUESTS RENTAL VEH WHILE WARR REPAIRIS COMP LETED

**Tech Comments:** ALTERNATE TRANSPORTATION GIVEN TO C USTOMER

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 5G88 | * | NPF | * | F2 | V21 | H19 | 42 |

| AWS Claim Key: | 2883982 | Doc #: 830464A | FCC Auth: 1 | Trx Code: E84 | | Labor Hrs: 1.3 | Labor Cost: 176.4 | Material Cost: 0 | Total Cost: 176.4 |
|---|---|---|---|---|---|---|---|---|---|
| Dlr Cd-Sub Cd: | 02811 - * | Name: LITHIA FORD OF FRESNO | Ph: 559-4358400 | St: CA | Cty Cd: USA | Reg Cd: NA | Repr Date: 06-JAN-2021 | RL Cmplt Date: 21-JAN-2021 | DIST(Mile): 15837 |

**Cust Comments:** CUSTOMER STATES THAT DASH LIGHT WILL COME ON AND FLICKER INTERMITTANTLY. SEEMS TO BE RELATED TO MOMENTARY LOSS OF TRAILER BRAKES.

**Tech Comments:** UNABLE TO VERIFY CONCERN AT THIS TIME, CONCERN HAS ONLY OCCURS WHEN TOWING AND COASTING DOWNHILL. ADVANCE TRACK AND ABS LAMPS, LOOSES TRAILER BRAKE, LANE KEEPING ASSIST STOPS WORKING. HOOKED UP FRDS, PULLED CODES- C0020-49, C0020-16 IN ABS MODULE, CLEARED CODES, RAN ON DEMAND SELF TEST, PASS, SENT A TECH HOT LINE REQUEST PRIOR TO CONTINUING, HOT LINE CONTACT ID- 117859274- COMMENT FROM: FORD COMMENT DATE: JAN-14-2021 10:53:42 THOMAS, IT WAS A PLEASURE SPEAKING WITH YOU TODAY REGARDING THE VEHICLES CONCERN AND THE DIAGNOSIS THAT HAS BEEN PERFORMED, AS THE VEHICLE IS OPERATING PROPERLY WHEN A TRAILER IS NOT CONNECTED TO THE VEHICLE THIS INDICATES THAT THE CUSTOMERS TRAILER MAY BE INDUCING THE CONCERNS OCCURRING. THIS IS FURTHER SUPPORTED AS A KNOWN GOOD TRAILER HAS BEEN CONNECTED TO THE VEHICLE AND NO CONCERNS WERE IDENTIFIED. AS DISCUSSED IT MAY BE BENEFICIAL TO CONNECT A SECOND KNOWN GOOD TRAILER TO THE VEHICLE AND PERFORM A THOROUGH ROAD TEST. IF THE VEHICLE IS OPERATING PROPERLY WITH A SECOND KNOWN GOOD TRAILER CONNECTED THIS INDICATES THAT THE CUSTOMERS TRAILER IS LIKELY INDUCING THE CONCERNS OCCURRING. IF THE CONCERN IS DUPLICATED WITH A KNOWN GOOD TRAILER ATTACHED TO THE VEHICLE THEN PROCEED WITH PERFORMING LOADED VOLTAGE DROP TESTING ON THE POWER AND GROUND CIRCUITS LEADING TO THE ABS MODULE WITHIN WIRING CELL 42-1. IT WILL ALSO BE BENEFICIAL TO INSPECT THE ABOVE MENTIONED CONNECTORS FOR ANY SIGNS OF WATER INTRUSION, CORROSION, AS WELL AS PROPER PIN- FIT USING THE APPROPRIATE ROTUNDA FLEX PROBES.

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * | F9 | V99 | A99 | 82 |

| **AWS Claim Key:** | 3355909 | **Doc #:** 830464I | **FCC Auth:** B | **Trx Code:** RCR | **Labor Hrs:** 0 | **Labor Cost:** 0 | **Material Cost:** 30 | **Total Cost:** 30 |
|---|---|---|---|---|---|---|---|---|
| **Dlr Cd-Sub Cd:** | 02811 - * | **Name:** LITHIA FORD OF FRESNO | **Ph:** 559-4358400 | **St:** CA | **Ctry Cd:** USA | **Reg Cd:** NA | **Repr Date:** 06-JAN-2021 | **RL Cmplt Date:** 21-JAN-2021 | **DIST(Mile):** 15837 |

**Cust Comments:** CUSTOMER REQUESTS LOANER VEHICLE

**Tech Comments:** ESP RENTAL COUPON

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * | F9 | V99 | A99 | 82 |

| **AWS Claim Key:** | 3356134 | **Doc #:** 830464J | **FCC Auth:** B | **Trx Code:** RCR | **Labor Hrs:** 0 | **Labor Cost:** 0 | **Material Cost:** 30 | **Total Cost:** 30 |
|---|---|---|---|---|---|---|---|---|
| **Dlr Cd-Sub Cd:** | 02811 - * | **Name:** LITHIA FORD OF FRESNO | **Ph:** 559-4358400 | **St:** CA | **Ctry Cd:** USA | **Reg Cd:** NA | **Repr Date:** 06-JAN-2021 | **RL Cmplt Date:** 21-JAN-2021 | **DIST(Mile):** 15837 |

**Cust Comments:** CUSTOMER REQUESTS LOANER

**Tech Comments:** ESP RENTAL COUPON

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * | F9 | V99 | A99 | 82 |

| **AWS Claim Key:** | 3356329 | **Doc #:** 830464F | **FCC Auth:** B | **Trx Code:** RCR | **Labor Hrs:** 0 | **Labor Cost:** 0 | **Material Cost:** 30 | **Total Cost:** 30 |
|---|---|---|---|---|---|---|---|---|
| **Dlr Cd-Sub Cd:** | 02811 - * | **Name:** LITHIA FORD OF FRESNO | **Ph:** 559-4358400 | **St:** CA | **Ctry Cd:** USA | **Reg Cd:** NA | **Repr Date:** 06-JAN-2021 | **RL Cmplt Date:** 21-JAN-2021 | **DIST(Mile):** 15837 |

**Cust Comments:** CUSTOMER REQUESTS LOANER

**Tech Comments:** ESP RENTAL COUPON

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * | F9 | V99 | A99 | 82 |

| **AWS Claim Key:** | 3356340 | **Doc #:** 830464B | **FCC Auth:** B | **Trx Code:** RCR | **Labor Hrs:** 0 | **Labor Cost:** 0 | **Material Cost:** 30 | **Total Cost:** 30 |
|---|---|---|---|---|---|---|---|---|

# AWS Claim List Report

| Dlr Cd-Sub Cd: | 02811 - * | Name: LITHIA FORD OF FRESNO | Ph: 559-4358400 | St: CA | Ctry Cd: USA | Reg Cd: NA | Repr Date: 06-JAN-2021 | RL Cmplt Date: 21-JAN-2021 | DIST(Mile): 15837 |

**Cust Comments:** CUSTOMER REQUESTS RENTAL FOR WARRAN TYREPAIR

**Tech Comments:** PROVIDED LOANER ESP COUPON

---

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * | F9 | V99 | A99 | 82 |

| AWS Claim Key: | 3356493 | Doc #: 830464H | FCC Auth: B | Trx Code: RCR | Labor Hrs: 0 | Labor Cost: 0 | Material Cost: 30 | Total Cost: 30 |

| Dlr Cd-Sub Cd: | 02811 - * | Name: LITHIA FORD OF FRESNO | Ph: 559-4358400 | St: CA | Ctry Cd: USA | Reg Cd: NA | Repr Date: 06-JAN-2021 | RL Cmplt Date: 21-JAN-2021 | DIST(Mile): 15837 |

**Cust Comments:** CUSTOMER REQUESTS LOANER

**Tech Comments:** ESP RENTAL COUPON

---

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * | F9 | V99 | A99 | 82 |

| AWS Claim Key: | 3356549 | Doc #: 830464D | FCC Auth: B | Trx Code: RCR | Labor Hrs: 0 | Labor Cost: 0 | Material Cost: 30 | Total Cost: 30 |

| Dlr Cd-Sub Cd: | 02811 - * | Name: LITHIA FORD OF FRESNO | Ph: 559-4358400 | St: CA | Ctry Cd: USA | Reg Cd: NA | Repr Date: 06-JAN-2021 | RL Cmplt Date: 21-JAN-2021 | DIST(Mile): 15837 |

**Cust Comments:** CUSTOMER REQUESTS LOANER VEHICLE.

**Tech Comments:** ESP RENTAL COUPON

---

| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * | F9 | V99 | A99 | 82 |

| AWS Claim Key: | 3356570 | Doc #: 830464C | FCC Auth: B | Trx Code: RCR | Labor Hrs: 0 | Labor Cost: 0 | Material Cost: 30 | Total Cost: 30 |

| Dlr Cd-Sub Cd: | 02811 - * | Name: LITHIA FORD OF FRESNO | Ph: 559-4358400 | St: CA | Ctry Cd: USA | Reg Cd: NA | Repr Date: 06-JAN-2021 | RL Cmplt Date: 21-JAN-2021 | DIST(Mile): 15837 |

**Cust Comments:** CUSTOMER REQUESTS LOANER.

**Tech Comments:** ESP RENTAL COUPON

| | | | | | | | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1FT8W3BT7LEC29891 | F7 | T/FE | F | T/BC | T/CD | T/E | A1 | T/GG | T/TR | 12-NOV-2019 | 12-JUN-2020 | 172525 | USA | 7 | 6Y05 | * | ESPRCR | * |

F9　V99　A99　82

| | | | | | |
|---|---|---|---|---|---|
| **AWS Claim Key:** 3356717 | **Doc #:** 830464E | **FCC Auth:** B | **Trx Code:** RCR | **Labor Hrs:** 0　**Labor Cost:** 0 | **Material Cost:** 30　**Total Cost:** 30 |
| **Dlr Cd-Sub Cd:** 02811 - * | **Name:** LITHIA FORD OF FRESNO | **Ph:** 559-4358400 **St:** CA **Ctry Cd:** USA | **Reg Cd:** NA | **Repr Date:** 06-JAN-2021 | **RL Cmplt Date:** 21-JAN-2021　**DIST(Mile):** 15837 |

**Cust Comments:** CUSTOMER REQUESTS LOANER

**Tech Comments:** ESP RENTAL COUPON

**FEDERAL COURT PROOF OF SERVICE**
DCL TECHNOLOGY, INC. v. FORD MOTOR COMPANY, et al.
Case No. 21CECG01096 - File No. 1000-626

3    STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

4         At the time of service, I was over 18 years of age and not a party to the action.  My
business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.  I am employed
5    in the office of a member of the bar of this Court at whose direction the service was made.

6         On May 21, 2021, I served the following document(s):

7              **DECLARATION OF JONATHAN WON IN SUPPORT OF NOTICE OF**
                                          **REMOVAL**
8
9         I served the documents on the following persons at the following addresses (including fax
numbers and e-mail addresses, if applicable):

| Adam J. McNeile, Esq. | T: (415) 632-1900 |
|---|---|
| Kristin Kemnitzer, Esq. | F: (415) 632-1901 |
| **KEMNITZER, BARRON & KREIG LLP** | adam@kbklegal.com |
| 42 Miller Avenue, 3rd Floor | kristin@kbklegal.com |
| Mill Valley, CA 94941 | ***Attorney for Plaintiff DCL TECHNOLOGY, INC.*** |

13        The documents were served by the following means:

14   ☒     (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the
            documents with the Clerk of the Court using the CM/ECF system, which sent notification
15          of that filing to the persons listed above.

16        I declare under penalty of perjury under the laws of the United States of America and the
State of California that the foregoing is true and correct.

17
18        Executed on May 21, 2021, at San Francisco, California.

19

20                                          Charmaine Villavert

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW