UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DCL TECHNOLOGY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR COMPANY; and DOES 1 through 20, inclusive, <br><br> Defendants. | Case No.  1:21-cv-00828-AWI-BAM <br><br> **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS & EXPENSES** <br><br> (Doc. 17) |

Currently pending before the Court is plaintiff DCL Technology, Inc.'s motion for an award of attorneys' fees, costs and expenses.  (Doc. 17.)  The matter was deemed suitable for decision without oral argument and was taken under submission pursuant to Local Rule 230(g). (Doc. 23.)  For the reasons stated below, plaintiff's motion for attorneys' fees, costs and expenses is granted in part.

**I.     BACKGROUND**

Plaintiff filed suit against defendant Ford Motor Company in Fresno County Superior Court on April 16, 2021, alleging violations of the Song-Beverly Consumer Warranty Act.  (Doc.

1

1-2, Ex. A, Compl.)  Defendant removed the action to this Court on May 21, 2021.  (Doc. 1.)

On August 19, 2021, the Court convened a Scheduling Conference, but did not schedule any discovery deadlines.  Rather, to allow the parties additional time to engage in settlement discussions, the Court set a status conference on October 25, 2021.  (Doc. 10.)  On October 18, 2021, the parties filed a Joint Status Report indicating that they continued to engage in settlement negotiations and had agreed to stay discovery pending, among other things, plaintiff's agreement to make the subject vehicle available for inspection on November 3, 2021.  (Doc. 11.)  Based on the joint status report, the Court continued the status conference to December 13, 2021.  (Doc. 12.)

On December 7, 2021, the parties filed their notice of settlement.  (Doc. 13.)  Because the parties could not agree on an amount for attorneys' fees and costs, plaintiff filed the instant motion on April 5, 2022.  (Doc. 17.)  Defendant opposed the motion, (Doc. 19), and plaintiff replied (Doc. 22).[1]  The Court deemed the matter suitable for decision without oral argument, vacated the motion hearing, and submitted the matter on the record.  (Doc. 23.)

**II.    LEGAL STANDARD**

Under the Song-Beverly Act, a prevailing party may recover "a sum equal to the aggregate amount of costs and expenses, including attorneys' fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794(d). "The plain wording of the statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are *reasonably* incurred—both from the standpoint of time spent and the amount charged." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal.App.4th 785, 817 (2006) (emphasis in original). "For that reason, a prevailing buyer has the burden of showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Quinonez v. FCA US, LLC*, No. 2:19-cv-02032-KJM-JDP, 2022 WL

---

[1] Plaintiff also submitted objections to evidence submitted in the declaration of Brian C. Vanderhoof.  (Doc. 22-2.)  The Court did not rely on any of the evidence at issue regarding the underlying facts in this action.  Accordingly, Plaintiff's objections are OVERRULED.

2

2007429, at *1 (E.D. Cal. June 6, 2022) (citation and quotations omitted); *Goglin v. BMW of N. Am., LLC*, 4 Cal.App.5th 462, 470 (2016). Under a contingent fee arrangement, "a prevailing buyer represented by counsel is entitled to an award of reasonable attorney fees for time reasonably expended by his or her attorney." *Nightingale v. Hyundai Motor Am.*, 31 Cal.App.4th 99, 105 n.6 (1994).

For a party opposing a fee request, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Durham v. FCA US LLC*, No. 2:17-cv-00596, 2020 WL 243115, at *3 (E.D. Cal. Jan. 16, 2020) (citation omitted). "Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive." *Id.* (citation omitted); *Gorman v. Tassajara Dev. Corp.*, 178 Cal.App.4th 44, 101 (2009) ("[T]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

Pursuant to the parties' settlement agreement, plaintiff is the prevailing party and entitled to attorney's fees and costs reasonably incurred by plaintiff in the commencement and prosecution of the action. (Doc. 17-1, Ex. A, Release and Settlement Agreement.)

**III.   DISCUSSION**

**A. Attorneys' Fees**

In evaluating plaintiff's motion, the Court begins with a lodestar calculation by multiplying counsel's reasonable hourly rate by the number of hours reasonably expended. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140, 154 (2006) (citation omitted).

Here, plaintiff seeks attorneys' fees and costs of $38,828.22, consisting of $38,047.50 in attorneys' fees for work performed prior to preparing the reply brief, and $780.72 in costs. (Doc. 17-1, McNeile Decl. at ¶¶ 4-5.)

///
///
///
///
///
///

Plaintiff proposes the following hourly rate and number of hours:

|  | Hours | Billing Rate | Lodestar |
|---|---|---|---|
| Adam McNeile, *partner* | 58.8 | $500 | $29,400 |
| Kristin Kemnitzer, *partner* | 4.5 | $500 | $2,250 |
| Bryan Kemnitzer, *partner* | .9 | $600 | $540 |
| Sean Barry, *paralegal* | 21.3 | $275 | $5,857.50 |
| TOTAL |  |  | $38,828.22 |

(*See id.* at ¶ 5.)

Defendant asserts that plaintiff's request for attorneys' fees should be denied entirely or adjusted to no more than $19,480.00 because "(1) Plaintiff's counsel's hourly rates are not reasonable and 'outpace' the prevailing hourly rates for consumer litigation in the Eastern District; and (2) much of the work performed was unnecessary and unreasonable."[2]  (Doc. 18 at 4.)

### 1. Reasonable Hourly Rates

When awarding attorneys' fees under the Song-Beverly Act, courts in this district have split on the applicable rate determination framework.  Some district courts have applied California law when awarding fees pursuant to a state statute, with the relevant inquiry on "whether 'the monetary charge being made for the time expended [is] reasonable' under all the circumstances including 'factors such as the complexity of the case and procedural demand, the skill exhibited and the results achieved.'" *Powell v. FCA US LLC*, No. 2:16-cv-02781-DAD-JLT, 2020 WL 4937358, at *6 (E.D. Cal. Aug. 24, 2020) (quoting *Goglin*, 4 Cal.App.5th at 470); *see also Martinez v. Ford Motor Co.*, No. 1:18-cv-01607-NONE-JLT, 2021 WL 3129601, at *6 (E.D. Cal. Jul. 23, 2021) (same); *Heffington v. FCA US LLC*, No. 2:17-cv-00317-DAD-JLT, 2020 WL 5017610, at *6 (E.D. Cal. Aug. 25, 2020).  In that instance, courts "focus on the reasonable hourly rate for the work performed by the counsel who did that work, regardless of the forum in

---

[2]  Defendant does not dispute the claimed $780.72 in costs, leaving the amount of attorneys' fees reasonably incurred as the primary issue for resolution.  (*See* Doc. 19 at 4 n.1.)

4

which that work was performed and without regard to typical hourly rates in the forum in which the matter was litigated." *Powell*, 2020 WL 4937358, at *6, citing *Goglin*, 4 Cal.App.5th at 470; *Martinez*, 2021 WL 3129601, at *6.

Other district courts have required the fee applicant to produce "satisfactory evidence that the requested rates are in line with those prevailing in the community for similar services of lawyer of reasonably comparable skill and reputation." *Evans v. FCA US, LLC*, No. 2:16-cv-01094-TLN-AC, 2022 WL 866254, at *2 (E.D. Cal. Mar. 23, 2022); *see also Durham v. FCA US LLC*, No. 2:17-cv-00596-JLT, 2020 WL 243115, at *9 (E.D. Cal. Jan. 16, 2020); *Flores v. FCA US LLC*, No. 1:17-cv-04276-JLT, 2019 WL 6211367, at *10 (E.D. Cal. Nov. 21, 2019). These courts have indicated that the forum district generally represents the relevant legal community. *Id.*; *see also Cianchetta v. BMW of N. Amer., LLC*, No. 2:20-cv-00241-KJM-JDP, 2022 WL 2160556, at *5 (E.D. Cal. June 15, 2022) (finding relevant community is the community in which the court sits); *Seebach v. BMW of N. Amer., LLC*, No. 2:18-cv-00109-KJM AC, 2020 WL 4923664, at *2 (E.D. Cal. Aug. 21, 2020) (same); *Durham*, 2020 WL 243115, at *9 (same); *Flores*, 2019 WL 6211367, at *10 (same).

Plaintiff seeks to recover fees generated by three different attorneys at the following rates: a reduced rate of $500 per hour for Mr. McNeile, who has nearly 11 years of experience, (Doc. 17-1, McNeile Decl. at ¶¶ 33, 36-37); a reduced rate of $500 per hour for Ms. Kemnitzer, who has nearly 11 years of experience, (*id.* at ¶¶ 41, 48); and a reduced rate of $600 per hour for Mr. Kemnitzer, who has nearly forty years of experience, (*id.* at ¶¶ 49, 50).

Having reviewed the requested rates, the Court finds that the rates of Mr. McNeile, Ms. Kemnitzer, and Mr. Kemnitzer are not in line with reasonable hourly rates awarded for attorneys with similar experience and qualifications. The Court has considered the arbitration and other fee awards submitted by plaintiff (17-2).[3]  As plaintiff suggests, and defendant acknowledges, the

---

[3]  Plaintiff requests that the Court take judicial notice of the following:  (a) Award Re: Motion For Attorney's Fees And Costs, July 12, 2021, *Rajabian v. Keyes European*, JAMS Arbitration No. 1200057440; (2) Order After Hearing, August 19, 2020, *Lee v. FCA*, Alameda Superior Court Case No. RG19002012; (3) Final Award of Fees and Costs and Order re Deadline for Payment, November 30, 2018, *Beneduci v. East Bay Automotive Company*, JAMS Arbitration No. 1100089965; (4) Final Award, July 27, 2018, *Franco v. Credit Acceptance Corporation*, JAMS Arbitration No. 1240022816; (5) Order Motion

5

Court may consider an outside forum's rates "if local counsel was unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.'" *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997). Plaintiff has presented evidence that attempts to locate local counsel were unsuccessful. (Doc. 17-1, Smith Decl. at ¶ 7, Ex. D to McNeile Decl.) Nevertheless, the Court finds persuasive the rates found reasonable in recent Song-Beverly cases in the Eastern District of California, including for counsel located outside the court's forum, and will align the rates of counsel with those rates. *See*, *e.g.*, *Evans,* 2022 WL 866254, at *3; *Martinez*, 2021 WL 3129601, at *7 (awarding rate of $350 for attorney with 12 years of experience); *Heffington*, 2020 WL 5017610, at *8 (awarding rate of $350 to attorney with 12 years of experience); *Sekula v. FCA US LLC*, No. 1:17-cv-00460-DAD-JLT, 2019 WL 5290903, at * 7 (E.D. Cal. Oct. 18, 2019) (awarding rate of $350 for attorney with 11 years of experience); *Garcia v. FCA US LLC*, No. 1:16-cv-0730-JLT, 2018 WL 1184949, at *6 (E.D. Cal. Mar. 7, 2018) (awarding rate of $400 for attorney with nearly 30 thirty years or experience). The Court will therefore adjust the rates for Mr. McNeile and Ms. Kemnitzer to $350 per hour and the rate for Mr. Kemnitzer to $500 per hour.

Plaintiff also seeks to recover fees generated by paralegal Sean Barry, who has roughly 30 years of experience as a litigation paralegal, at a rate of $275.00. (Doc. 17-1, McNeile Decl. at ¶¶ 53-54.) Generally, hourly paralegal rates in this division range from $75.00 to approximately $150.00, depending on experience. *See Durham*, 2020 WL 2431115, at *8. The Court will therefore adjust the rate for Mr. Barry to $150.00 per hour based on his years of experience.

### 2. Reasonableness of Hours Expended

Plaintiff seeks to recover fees for a total of 64.2 billable attorney hours before inclusion of

---

for Attorney Fees Granted, December 6, 2017, *Barma v. BMW of North America*, Alameda Superior Court Case No. HG16823965; (6) Order Granting Plaintiff's Motion for Award of Attorney's Fees, Costs, and Expenses, November 4, 2016, *Zulueta v. Toyota Motor Corporation*, Los Angeles Superior Court Case No. BC526717; and (7) Order Granting Motion for Award of Attorneys' Fees, Costs & Expenses, September 16, 2016, *Soderstrom v. Mercedes-Benz USA*, San Francisco Superior Court Case No. CGC15544475. (Doc. 17-2.) The records are judicially noticeable. *See Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.").

1    hours for preparing the reply brief in support of the instant motion. (Doc. 17-1, Ex. B to McNeile
2    Decl.) Plaintiff also seeks to recover fees for a total of 21.3 billable paralegal hours expended
3    prior to preparing the reply. (*Id.*) Defendant challenges the number of hours billed by plaintiff's
4    attorneys for several reasons. The Court addresses those reasons in turn.

5    First, defendant argues that the number of hours expended for bringing the instant fee
6    motion is unreasonable because it comprises more than 17% of plaintiff's counsel's fees
7    generated on the entire case. (Doc. 19 at 12.) As defendant notes, plaintiff billed 13.4 hours of
8    attorney time for a total of $6,700 to prepare the instant motion, not including an additional 5.4
9    hours of attorney time for the reply. (*See* Doc. 17-1, Ex. C to McNeile Decl. at p. 38; Doc. 22-1,
10   Ex. A to McNeile Reply Decl.) This is nearly 20 percent of the total number of hours billed over
11   the course of the litigation. In light of counsel's experience in Song-Beverly actions and related
12   fee requests, the Court agrees that this amount is unreasonable. *See*, *e.g.*, *Negrete v. Ford Motor*
13   *Co.*, No. ED CV 18-1972-DOC (KKx), 2019 WL 4221397, at *4 (C.D. Cal. June 5, 2019);
14   *Carrera v. Ford Motor Co.*, No. 2:18-cv-09781-SVW-RAO, 2020 WL 13042577, at *5 (C.D.
15   Cal. Jul. 22, 2020) (finding unreasonable counsel spending almost 20% of the total hours billed
16   on motion for attorneys' fees and costs); *Arias v. Ford Motor Co.*, No. EDCV 18-1928 PSG
17   (SPx), 2020 WL 1940843, at *4 (C.D. Cal. Jan. 27, 2020) (finding request for almost 13 percent
18   of total number of hours billed for attorneys' fee motion "overreaching" given that the motion
19   was rather straightforward). The Court will therefore reduce the requested hours for preparing the
20   motion by half, amounting to a reduction of 6.7 hours of attorney time, which will include 2.7
21   hours billed by Ms. Kemnitzer (also discussed below). *See Zargarian v. BMW of N. Am., LLC*,
22   442 F.Supp.3d 1216, 1223 (C.D. Cal. 2020) (when "a court determines that some hours billed are
23   not reasonable, it may exclude them using one of two methods: the court may either conduct an
24   'hour-by-hour analysis' of the fee request or make an 'across the board percentage cut'") (quoting
25   *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013)).

26   Second, defendant argues that the Court should exclude from the calculation 5.9 hours
27   billed by Mr. McNeile "for work that appears solely related to client development or 'signing up'
28   the Plaintiff." (Doc. 19 at 13.) Defendant refers the Court to entries on January 12 and 13, 2021,

7

and March 22, 26, and 29, relating to initial client discussions, drafting an engagement letter and other activities "focused on bringing the Plaintiff on as a client." (*Id.*)  Having reviewed the entries at issue, (Doc. 17-1 at 27; Ex. C to McNeile Decl. at 1), the Court finds no basis to deduct these hours for pre-litigation work from the requested fees. *Cf. Martinez*, 2021 WL 3129601, at *5 (declining to deduct hours for work reviewing, evaluating, and analyzing plaintiffs' claims and documents prior to filing action in state court because they were not dated on the invoice). Defendant also provides no authority supporting such a deduction.

Third, defendant objects to each .1 of time spent by paralegal Sean Barry for receiving a phone call or reviewing an email from attorney McNeile. (Doc. 19 at 13.) "[M]any courts have ... reduced fee awards for time spent in 'interoffice conferences' or other internal communications." *Gauchat-Hargis v. Forest River, Inc.*, No. 2:11-cv-02737-KJM-EFB, 2013 WL 4828594 at *3 (E.D. Cal. Sept. 9, 2013), citing *Mogck v. Unum Life Ins. Co. of Am.*, 289 F.Supp.2d 1181, 1194 (S.D. Cal. 2003) (reducing the fee award where the attorneys "billed an inordinate amount of time for interoffice conferences"). Such reductions have included communications within a firm, whether to another paralegal or counsel. *See Scott v. Jayco Inc.*, No. 1:19-CV-0315 JLT, 2021 WL 6006411, at *9 (E.D. Cal. Dec. 20, 2021) (noting that courts have disapproved of two individuals billing for communicating with each other, as such time is duplicative and unnecessary). Defendant asserts that there are 55 separate entries for internal time billed by Mr. Barry, such as "reviewed email from Adam McNeile re." (Doc. 19 at 13.) Defendant generally cites to the billing records but does not reference specific entries.

Consistent with defendant's assertion, a review of the billing records conservatively demonstrates that approximately 25% of Mr. Barry's billing was for review of emails from various individuals, including Mr. McNeile some of which appear to be e-mails on which Mr. Barry was copied, review of court notices, and telephone calls from Mr. McNeile. (Doc. 17-1, Ex. C to McNeile Decl.)   For example, on April 5, 2011, Mr. Barry billed .1 for "email from Adam McNeile re potential client, reviewed correspondence re potential client; document management." (*Id.* at p. 27.)  On May 17, 2021, Mr. Barry billed .1 for "email from Adam McNeile re settlement demand." (*Id.* at 30.)  On June 11, 2021, he billed .1 for "email from

8

Adam McNeile re settlement demand." (*Id.*)  On November 11, 2021, he billed .1 for reviewing "email from Adam McNeile re settlement demand." (*Id.*)  Many of these entries follow on the heels of time entries by Mr. McNeile indicating that he drafted emails to other individuals.  (*Id.* at 27, 30.)  Courts have reduced fees in instances involving numerous entries where a paralegal billed for receiving and processing emails, including emails on which the paralegal was copied. *See Holcomb*, 2020 WL 759285, at *6 (reducing paralegal fees for work in receiving and processing emails as clerical or borderline clerical).  Because these entries are clerical or borderline clerical in nature, the Court will reduce the number of paralegal hours billed by roughly 25% to 16 hours, a deduction of 5.3 hours.

Fourth, and finally, defendant objects to time spent by Ms. Kemnitzer as redundant of work performed by Mr. McNeile.  (Doc. 19 at 13-14.)  Defendant asserts that with one exception, all of her time was duplicative of work performed by Mr. McNeile.  The Court disagrees.  Based on the review of the records, it is not evident that Ms. Kemnitzer's work was duplicative or redundant of work performed by Mr. McNeile.  To the extent defendant challenges the 2.7 hours Ms. Kemnitzer billed on March 22 and 23, 2022, to edit the fee motion, those hours have been addressed by the Court's reduction of hours spent in preparing the instant fee motion.  (*See* Doc. 17-1 at 38, Ex. C to McNeile Decl.)

### 3. Lodestar Calculation of Hours

With the time and rates discussed above, the lodestar in this action is $22,660.00, calculated as follows:

|  | Adjusted Hours | Adjusted Billing Rate | Lodestar |
|---|---|---|---|
| Adam McNeile, *partner* | 54.8 | $350 | $19,180 |
| Kristin Kemnitzer, *partner* | 1.8 | $350 | $630 |
| Bryan Kemnitzer, *partner* | .9 | $500 | $450 |
| Sean Barry, *paralegal* | 16 | $150 | $2,400 |
| TOTAL |  |  | $22,660 |

9

**4. Lodestar Multiplier**

Once a court has calculated the lodestar amount, the court may increase or decrease the amount "by applying a positive or negative 'multiplier' to take into account a variety of other factors." *Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016). Relevant factors include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." *Ketchum v. Moses*, 24 Cal.4th 1122, 1132 (2001).

Considering the relevant factors, the Court finds no multiplier is warranted. This case did not present novel or difficult questions of law or fact and the issues were not complex. Further, there is no indication that significant skill was needed to pursue plaintiff's claims. Discovery in this action was completed informally and the matter did not involve dispositive motions or a trial. Further, there is no evidence that the instant litigation precluded other employment by counsel, as counsel expended less than 70 hours of compensable work in this action over approximately a one-year period. Finally, the Court finds that the contingent nature of the representation is outweighed by other factors, given the limited nature of the disputed facts and issues.

Accordingly, in the light of the reductions determined above, and in the absence of a multiplier, the Court will award the lodestar amount of $22,660.00, plus an additional $1,890.00 for work related to the reply brief in support of the attorneys' fees motion,[4] for a total award of $24,550.00 in attorneys' fees. The Court also will grant the unopposed request for $780.72 in costs and expenses.

///

---

[4] Plaintiff requested an additional $2,837.50 in fees incurred in preparing the reply brief: .90 billed by Ms. Kemnitzer, 4.50 billed by Mr. McNeile and .50 billed by Mr. Barry. (Doc. 22-1, Reply Declaration of Adam McNeile at ¶ 2 and Ex. A.) The Court does not find the 5.4 hours of attorney time to be unreasonable and defendant has lodged no objection to the requested hours. (Doc. 22-1, Ex. A to McNeile Decl.) However, the Court will deduct the requested .50 paralegal hours spent to "prepare and file fee motion reply and supporting documents." (Doc. 22-1, Ex. A to McNeile Reply Decl.) The work billed is purely clerical in nature. *See Cianchetta*, 2022 WL 2160556, at *4 (declining to include clerical tasks, such as filing or serving documents, in fee award). Because the Court has allowed a $350 hourly billing rate for Ms. Kemnitzer and Mr. McNeile, the Court awards $1,890.00 for the additional work.

### IV.     CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED as follows:

1. Plaintiff's motion for attorneys' fees and costs is GRANTED in part;
2. The Court awards $24,550.00 in attorneys' fees based on the lodestar analysis set forth above; and
3. The Court awards costs and expenses in the amount of $780.72.

IT IS SO ORDERED.

Dated:  **July 5, 2022**                    /s/ *Barbara A. McAuliffe*
                                                            UNITED STATES MAGISTRATE JUDGE